### A. G. FREEMAN v. SAN ANTONIO BREWING COMPANY.

Decided March 1, 1905.

**Action for Personal Injuries—Trespasser—Licensee.**

Plaintiff was employed to work in defendant's bottling department under the direction and control of the foreman thereof, and was transferred by such foreman to another and different department under control of a different foreman, where he received the injuries for which damages were sought. Held, that plaintiff knew, or was charged with knowledge that the foreman was without authority to transfer him, and could not recover, he being merely a trespasser or licensee in the department where he was injured.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*C. L. Bass,* for appellant.

*Onion & Henry* and *Newton & Ward,* for appellee.—Appellant was

working in a department different from that in which he was employed and over which his foreman, Bader, had no authority or control, and therefore assumed the risk. Hillsboro Oil Co. v. White, 41 S. W. Rep., 874; Labatt on Master and Servant, vol. 2, sec. 537; Fisk v. Railway Co., 13 Pac. Rep., 144; Newbury v. Lumber Co., 69 N. W. Rep., 743; Bradley v. Railway Co., 14 Lea, 314.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellee to recover damages for personal injuries occasioned by the alleged negligence of the latter. After the evidence was introduced, the court instructed a verdict for defendant, and from the judgment rendered this appeal is prosecuted.

The plaintiff alleged, as his cause of action, in substance that on March 28, 1902, and prior thereto, he was employed by defendant in its bottling department, under the control and direction of Fred Bader, his foreman, who was empowered by defendant to employ and discharge him; that while he was so employed he was put to work by Bader in a different department in taking empty beer kegs from stacks and painting them; that while engaged in such work a keg fell from the stack upon his head and seriously injured him.

That his injuries were directly caused from defendant's negligence, in that plaintiff was inexperienced in and knew nothing of the risk and danger in doing such work, which was dangerous because the kegs were so stacked that when one was removed the ones behind it would fall, and that such defect in stacking the kegs was unknown to him.

That the president and vice-president of the company and plaintiff's foreman, Bader, knew or by the exercise of ordinary care could have known, the facts before stated, and they negligently caused and permitted the plaintiff to do such work without warning him of its dangers, and that he was injured without negligence on his part.

The undisputed evidence shows that the kegs were stacked in appellee's wash house, which was a different department in its plant from the bottling department and the superintendence of the work, employment, control and direction of its servants were intrusted to a different foreman; that plaintiff was not employed by defendant to work in the department where he claims to have been injured by the falling of the kegs; and that his foreman, Bader, had no authority from the defendant to put him or any other of its servants to work there; and that from the department in which he was employed to work, and from his knowledge of the separate departments and the way defendant's business was conducted, plaintiff knew or was charged with knowledge that Bader had no authority from defendant to put him at work in a separate and distinct department from the one in which he was employed.

From the undisputed facts it follows that, in respect to the work plaintiff was doing when he claims to have been injured, the relation of master and servant did not exist between him and the defendant, and the latter owed him no duties incident to such relationship. Under the circumstances his position was virtually that of a trespasser or licensee. Labatts' Master & Servant, secs. 435, 629; Railway v. McDaniel, 12 Lea (Tenn.), 386.

Therefore the court did not err in peremptorily instructing a verdict for defendant.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.